UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-91 RM |
| | ) | |
| FRANK KOLLINTZAS (01) | ) | |

OPINION and ORDER

At the conclusion of a three-week jury trial, Frank Kollintzas was found guilty of converting the funds of the City of East Chicago, Indiana, in violation of 18 U.S.C. § 666(a)(1), and of lying to a federal agent, in violation of 18 U.S.C. § 1001. On February 25, 2005, the day after the sentencing hearing at which Mr. Kollintzas failed to appear, the following judgment was entered: Mr. Kollintzas was sentenced to a 136-month term of imprisonment to be followed by two years of supervised release, and he was ordered to pay special assessments of $200.00 and restitution to the City of East Chicago in the sum of $25,588,835.98, which was ordered "due in full immediately." A bench warrant for Mr. Kollintzas was issued on February 25, as well; to date, Mr. Kollintzas hasn't been apprehended nor has he paid any of the amounts due.

On March 1, 2005, the government filed a Notice of Lien in Lake County, Indiana, 26 U.S.C. § 6323(f); IND. CODE § 36-2-11-25(a), and served interrogatories on numerous garnishee defendants in an attempt to ascertain the extent of Mr. Kollintzas's property. 18 U.S.C. § 3612(c). Based on the interrogatory responses, the government compiled an accounting of Mr. Kollintzas's property or interests

in property it contends it is entitled to collect pursuant to its lien. Joanna Kollintzas, Frank Kollintzas's wife, has challenged the government's enforcement of the lien, claiming an interest in the property sought by the government. Mrs. Kollintzas filed for dissolution of marriage in the Lake Superior Court on March 31, 2005, and maintains that the property at issue is part of the parties' marital property that should be divided between the parties in the state court dissolution proceedings. The government disagrees with Mrs. Kollintzas, but has taken no further action with respect to the property based on the Lake Superior Court's issuance of a temporary restraining order prohibiting the disposition and/or transfer of any of the Kollintzas property, including the properties contained in the government's accounting.

An order of restitution, like the one entered against Mr. Kollintzas, "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code." 18 U.S.C. § 3613(c), (f). The statutory language "all property and rights to property" in 18 U.S.C. § 3613(c) and the Internal Revenue Code, 26 U.S.C. § 6321, "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." United States v. National Bank of Commerce, 472 U.S. 713, 719-720 (1985). "[M]oreover, collection provisions plainly contemplate that a taxpayer's interest in property may be less than full ownership. The tax lien attaches not only to 'property' but also to 'rights to property.'" United States v. National Bank of Commerce, 472 U.S. 713, 730

(1985). A federal tax lien attaches at the time the assessment is made and continues until the liability has been satisfied or becomes unenforceable due to the lapse of time. 26 U.S.C. § 6322.

State law controls in determining the nature of the legal interest, if any, a taxpayer has in property, and a federal tax lien attaches to whatever rights or interests the taxpayer has under state law. Drye v. United States, 528 U.S. 49, 58 (1999). The key to determining what state-law rights constitute "property" or "rights to property" is "the breadth of the control the [taxpayer] could exercise over the property.'" Drye v. United States, 528 U.S. 49, 61 (1999) (*quoting* Morgan v. Commissioner, 309 U.S. 78, 83 (1940)). A taxpayer's right under state law to withdraw the whole of proceeds from a joint bank account has been held to constitute property or the right to property subject to a federal tax lien, even though state law would not allow ordinary creditors similarly to deplete the account, United States v. National Bank of Commerce, 472 U.S. 713 (1985), and a taxpayer's right under a life insurance policy to receive the cash surrender value of the policy was held to be property or a right to property subject to a federal tax lien, even though state law shielded the cash surrender value from creditors' liens. United States v. Bess, 357 U.S. 51 (1958).

In Indiana, marital property is held as a tenancy by the entireties. Matter of Hunter, 970 F.2d 299, 301 (7th Cir. 1992) ("Indiana continues to recognize the common law form of marital property ownership – tenancy by the entirety."). Each co-tenant possesses an undivided interest in the whole, Heffner v. White, 45 N.E.

3

342, 346 (Ind. Ct. App. 1942), and an equal right to share in the rents, profits, use, and enjoyment of the property. Sharp v. Baker, 96 N.E. 627 (Ind. Ct. App. 1911). Neither tenant can convey or encumber any interest in the property against the other's will. Baker v. Cailor, 186 N.E. 769 (Ind. 1933). "A tenancy by the entirety is a unique sort of concurrent ownership that can only exist between married persons." United States v. Craft, 535 U.S. 274, 280 (2002).

Although in Indiana property held as tenants by the entireties "is not subject to sale or execution or other legal process sought by any creditor to whom only one of the two marital parties is personally liable for a debt," In re Kuhn, 322 B.R. 377, 384 (Bankr. N.D. Ind. 2005), that prohibition doesn't apply to federal tax liens because the federal tax statute "relates to the taxpayer's rights to property and not to his creditors' rights." United States v. National Bank of Commerce, 472 U.S. 713, 727 (1985). Some property is exempt from levy under 26 U.S.C. § 6334(a),[1] and Congress's provision of those specific exemptions "is evidence that Congress did not intend to recognize further exemptions which would prevent attachment of [federal tax] liens." United States v. Bess, 357 U.S. 51, 57 (1958). To conclude that a spouse's right in entireties property doesn't constitute property or rights to property "would allow spouses to shield their property from federal taxation by classifying it as entireties property, facilitating abuse of the federal tax

---

[1] Those exemptions include wearing apparel and school books [§ (a)(1)], fuel, provisions, furniture, and personal effects [§ (a)(2)], books and tools of a trade, business, or profession [§ (a)(3)], unemployment benefits [§ (a)(4)], certain annuity and pension payments [§ (a)(6)], workmen's compensation payments [§ (a)(7)], judgments for support of minor children [§ (a)(8)], and minimum exemption for wages, salary, and other income [§ (a)(9)].

4

system." United States v. Craft, 535 U.S. 274, 285 (2002). Exclusion of property from a federal tax lien simply because the taxpayer can't unilaterally alienate the property would "exempt a rather large amount of what is commonly thought of as property. . . . [T]he fact that [Mrs. Kollintzas's] husband could not unilaterally alienate the property does not preclude him from possessing 'property and rights to property' for the purposes of [26 U.S.C.] § 6321." United States v. Craft, 535 U.S. 274, 284-285 (2002).

A lien may be enforced via a writ of garnishment "against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor," 28 U.S.C. § 3205(a), subject to the garnishment restrictions found in 15 U.S.C. § 1673. The government claims entitlement to the following properties:

>    1. <u>Northwestern Mutual Life Insurance Company Tax Deferred Annuity Account No. 10048209</u>. The government seeks the cash surrender value of the annuity, less any income tax due and owing on that amount.
>
>    2. <u>School City of East Chicago Administrative Retirement Package</u>. The government seeks, pursuant to 15 U.S.C. § 1673, 25% of each monthly installment of the combined benefits of Mr. Kollintzas's administrative pension and severance pay to be paid beginning in July 2005.
>
>    3. <u>Public Employees Retirement Fund Account</u>. The government notes that while PERF benefits generally are exempt from legal process, IND. CODE § 5-10.3-8-9(a) provides that a member's benefits "may be transferred to reimburse his employer for loss resulting from the member's criminal taking of his employer's property . . . proven by a felony or misdemeanor conviction." The government seeks a turnover of the entirety of Mr. Kollintzas's PERF account because the City of East Chicago "is both the victim named

5

in the restitution order and the employer who funded the PERF account."

    4. <u>Wachovia Securities</u>. The government seeks payout of an Individual Retirement Account and a brokerage account, less a 20% penalty for early withdrawal.

    5. <u>Peoples Bank</u>. The government seeks all funds from checking account # 1000045335, checking account # 1000088574, and savings account # 5000013468.

    6. <u>Northwestern Mutual Life Insurance Company</u>. The government seeks the net cash surrender value of Life Insurance Policy No. 10711213, Life Insurance Policy No. 7045813, Life Insurance Policy No. 8319967, Life Insurance Policy No. 8319930, and Life Insurance Policy No. 8516586.

    7. <u>Nationwide Retirement Solutions</u>. The government maintains its lien is proper because the retirement funds don't qualify as exempt payments and, therefore, seeks the total amount of Mr. Kollintzas's account.

    8. <u>Tech Credit Union</u>. The government seeks all moneys from savings account # 2234170 and checking account # 2234170.

    9. <u>Indiana Teachers Retirement Fund</u>. The government claims entitlement to these funds as non-exempt property of Frank Kollintzas.

    10. <u>Funds Held by the City of East Chicago</u>. The government seeks recovery of 25% of the wages due to Frank Kollintzas based on his employment with the City.

    11. <u>Sand Ridge Bank</u>. The government seeks all funds from a savings account and a checking account at the bank in the sole name of Frank Kollintzas.

The government has disclaimed its interest in Northwestern Life Insurance Policy No. 16733068 and Mercantile Bank Checking Account No. 4348959 due to the *de*

6

*minimus* amount of the funds contained in those accounts. *See* Gov't Memo., at 5 n.3.

Joanna Kollintzas claims that because she has filed for dissolution of marriage from Frank Kollintzas, "any determination of interest related to any of these accounts, joint or not, is the sole and exclusive province of the trial court having jurisdiction over the divorce proceedings and evidence of contribution should be submitted to same." Resp., at 10. This court cannot agree. Mrs. Kollintzas initiated her dissolution proceeding after perfection of the government's lien relating to the property at issue: the order of restitution as to Frank Kollintzas was entered on February 24, 2005, the government filed its Notice of Lien relating to that judgment on March 1, 2005, and Mrs. Kollintzas filed her complaint for dissolution on March 31, 2005. Thus, the government's federal tax lien relating to "all property and rights to property" of Frank Kollintzas is superior to Joanna Kollintzas's claim to entireties property.

Mrs. Kollintzas hasn't challenged as incorrect, or provided evidence to rebut, the accuracy of the properties included in the government's accounting; she hasn't argued that she qualifies for protection under any provision of 26 U.S.C. § 6323; she hasn't argued that the properties sought by the government fall under any of the statutory exemptions in 26 U.S.C. § 6334; nor has she provided any information relating to contributions she made that might establish her right to ownership in the properties at issue. Mrs. Kollintzas's conclusory statement that she "contributed income toward the marriage" is insufficient to establish a claim

7

superior to that of the government. *See* United States v. National Bank of Commerce, 472 U.S. 713, 728-729 (1985) ("Congress . . . balanced the interest of the Government in the speedy collection of taxes against the interests of any claimants to the property, and reconciled those interests by permitting the IRS to levy on the assets at once, leaving ownership disputes to be resolved in a post seizure administrative or judicial proceeding.").

Based on the foregoing, the government's motion to release funds [docket # 292] is GRANTED, and the government is directed to submit forms of orders relating to the property sought.

SO ORDERED.

ENTERED:   March 28, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court